# BORRELLI & ASSOCIATES

——————— P.L.L.C. ———————

www.employmentlawyernewyork.com

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
Tel. No. 516.248.5550
Fax No. 516.248.6027

August 6, 2014

*Via Electronic Case Filing*
The Honorable Pamela K. Chen
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    *Leier v. Lincoln Limousine Luxury Inc., et al.,*
>        *Case No.: 1:14-CV-03121 (PKC)(VVP)*

Dear Judge Chen:

We represent the Plaintiff, Douglayr Leier ("Plaintiff"), in the above-referenced civil action brought against her former employers, Defendants Lincoln Limousine Brokerage Inc. d/b/a Lincoln Limousine, Inc., Lincoln Limousine Luxury Inc., and Mohamed M. Almogazi (collectively as "Defendants"), for their violations of Plaintiff's rights guaranteed to her by the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and supporting regulations. Pursuant to your Honor's Individual Practices and Rules, we respectfully submit this letter to request a pre-motion conference in order to obtain the court's permission to file a motion to strike certain of Defendants' affirmative defenses pursuant to Fed. R. Civ. P. 12(f). Specifically, Plaintiff seeks an order striking the Defendants' first through eleventh affirmative defenses and their thirteenth through twenty-third affirmative defenses.

On May 19, 2014, Plaintiff filed her Complaint against Defendants. On July 21, 2014, Defendants filed their Answer to Plaintiff's Complaint. In their Answer, Defendants assert twenty-four affirmative defenses, the vast majority of which are either inapplicable to this sort of action as a matter of law and/or are improperly pleaded.

First, and this is the main reason for our anticipated motion – as we do not want to spend time in discovery seeking to eliminate these defenses or providing the Defendants' with a mechanism to obtain discovery of facts that might support them – some of Defendants' affirmative defenses are inapplicable to the instant action as a matter of law.  Specifically, in Defendants' second affirmative defense, they allege that "Plaintiff and the putative class/collective action plaintiffs are estopped from claiming they are employees by virtue of equitable estoppel or quasi judicial (sic) estoppel because they declared themselves to be independent contractors."   This affirmative defense runs contrary to the long-established principle that estoppel is inconsistent with both the language and policy of the FLSA. *See, e.g.*, *Torres v. Griistede's Operating Corp.*, 628 F. Supp. 2d 447, 465 (S.D.N.Y. 2008) ("Defendants' estoppel defense must also fail.  The Second Circuit has deemed estoppel inconsistent with both the language and the policy of the FLSA.") (citing *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959)).  It also runs contrary to the Supreme Court's long-established holding than an employer and employee cannot contract around the protections of the FLSA. *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 289 (2d Cir. 2008) (noting that the Supreme Court "has rejected the argument that an employer may avoid its obligations under the [FLSA] upon proof that its employees voluntarily engage in inadequately compensated work") (citing *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 292 (1985)).   Defendants' thirteenth affirmative defense states that "[t]his Court should decline to grant supplemental jurisdiction over the state law claims which precede the federal statute of limitations, on the ground that as to those, there is no federal question or other federal subject matter jurisdiction." This defense is inconsistent with the principle that federal courts routinely exercise supplemental jurisdiction over NYLL claims in FLSA cases. *See, e.g., Meyers v. Crouse Health Sys., Inc.*, 274 F.R.D. 404, 421-22 (N.D.N.Y. 2011) (exercising supplemental jurisdiction over the plaintiffs' NYLL claims); *Gonzales v. Gan Israel Pre-School*, 2014 WL 1011070 at *8 (E.D.N.Y. Mar. 14, 2014) (same).   Finally, Defendants' eighteenth affirmative defense states that "[t]his action cannot be maintained as a class action as Plaintiff fails to meet the requirements of section 901 of the New York Civil Practice Law and Rules."   This defense is similarly inapplicable as it violates well-established legal principles, namely, that Fed. R. Civ. P. 23, and not section 901 of the New York Civil Practice Law and Rules, applies to Plaintiff's class action claims. *See Shady-Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010).

Second, the vast majority of Defendants' affirmative defenses should be struck as they are improperly pleaded.  Based on its decisions in *Twombly* and *Iqbal*, the United States Supreme Court has held that the pleading party must demonstrate "facial plausibility," and plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (1955); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   Although the Second Circuit has not yet definitively answered whether *Twombly* and *Iqbal* apply to affirmative defenses, a number of district courts within the Second Circuit have held that the *Twombly* and *Iqbal* standard should apply to affirmative

defenses. *See, e.g., E.E.O.C. v. Kelley Drye & Warren, LLP*, 2011 WL 3163443 at * 2 (S.D.N.Y. July 25, 2011). While some courts may apply the less rigorous pleading standard announced in *Shechter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996), these courts still find that a defendant's "affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *See, e.g., Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 259 (W.D.N.Y. 2012).

Here, the vast majority of Defendants' affirmative defenses, nos. 1-11, 14-17, and 19-23 are merely legal conclusions without any factual support. As such, whether under the *Twombly* and *Iqbal* standard or whether under the *Shechter* standard, these defenses should be struck as they are insufficiently pleaded.

Thus, for the reasons mentioned above, and as will be set forth in more detail should Your Honor grant the instant request, the vast majority of Defendants' affirmative defenses should be struck. We have reached out to Defendants' counsel to try to resolve this issue without having to resort to motion practice. Defendants, however, refused to amend their answer. Accordingly, we respectfully request that the Court grant Plaintiff permission to file a motion to strike pursuant to Fed. R. Civ. P. 12(f).

Respectfully,

Todd Dickerson, Esq.
*For the Firm*

C:  *Via Certified Mail Return Receipt Requested*
    Roberta C. Pike, Esq.
    Pike & Pike, P.C.
    1921 Bellmore Avenue
    Bellmore, New York 11710