# PIKE & PIKE, P.C.
## ATTORNEYS AT LAW

Roberta C. Pike
Kenneth R. Tuch
Laurence I. Cohen

1921 Bellmore Avenue
Bellmore, NY 11710
(516) 783-0062
Fax (516) 783-0082

*This office does not accept service
of any legal papers by facsimile*

**VIA ECF**

August 8, 2014

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Douglayr Leier v. Lincoln Limousine Brokerage, Inc., et al.*
              Case No.: 14-CV-03121 (PKC)(VVP); Our File No.: 8862.001

Dear Judge Chen:

This office is counsel to defendants Lincoln Limousine Brokerage Inc., Lincoln Limousine Luxury Inc., and Mohamed M. Almogazi ("Defendants") in the above-referenced matter. I write in response to the August 6, 2014 letter submitted by counsel for plaintiff Douglayr Leier ("Plaintiff"), requesting permission to file a motion pursuant to Fed. R. Civ. P. 12(f) to strike various affirmative defenses pled by Defendants.

Plaintiff's assertion that Defendants' affirmative defenses have been improperly pleaded is grounded in the assumption that the heightened pleading standard established by the Supreme Court in *Twombly* and *Iqbal* is equally applicable to affirmative defenses. As the Court is aware, there exists much disagreement among the various District Courts as to whether this is the case. Many of the more recent decisions that have considered this issue have focused on the different language contained in Fed.R.Civ.P. 8(a)(2)(requiring that pleadings "show" the pleader's entitlement to the requested relief), and Fed.R.Civ.P. 8(c)(1)(which merely requires that a defendant "state" its defense), and concluded that the *Twombly/Iqbal* standard does not require affirmative defenses be pled with the same specificity as a plaintiff's claims. Thus in *Serby v. First Alert, Inc.*, 934 F.Supp.2d 506 (E.D.N.Y. 2013)(Kuntz, J.), this Court determined the *Twombly/Iqbal* standard does

CRITICAL

# PIKE & PIKE, P.C.

*Hon. Pamela K. Chen, U.S.D.J. (8862.001)*
August 8, 2014
page 2

<u>not</u> govern the pleading of affirmative defenses:

> This Court concludes that the pleading standards announced in
> Twombly do not apply to affirmative defenses. Twombly addressed
> the requirements of a pleading under Rule 8(a) of the Federal Rules
> of Civil Procedure, which explicitly requires "a short and plain
> statement of the claim showing that the pleader is entitled to relief."
> As a result, a plaintiff must plead facts sufficient to "raise a right to
> relief above the speculative level." Twombly, 550 U.S. at 555, 127
> S.Ct. 1955. By contrast, Rule 8(c) governs the pleading of affirmative
> defenses. Fed.R.Civ.P. 8(c). Under that provision, a defendant is
> required only to "state" the affirmative defenses it intends to raise. Id.
> <u>There is no requirement under Rule 8(c) that a defendant plead any</u>
> <u>facts at all</u>.

*Serby*, 934 F.Supp.2d at 515-16 (emphasis added). *See also Tardiff v. City of New York*, 2014 WL
2971004 (S.D.N.Y. 2014); *Scott v. WorldStarHipHop, Inc.*, 2012 WL 5835232 (S.D.N.Y. 2012).

With respect to Plaintiff's assertion that various affirmative defenses fail as a matter of law,
Defendants will withdraw their Thirteenth and Eighteenth affirmative defenses in the interest of
avoiding the unnecessary incurrence of legal fees and consumption of judicial resources. However,
with respect to the Second Affirmative defense (estoppel), Defendants believe the defense to be
meritorious. There is an issue of fact in this case whether Plaintiff was indeed an employee as she
claims, or whether she was an independent contractor, consistent with industry practice and
defendants' position.[1] While an estoppel defense would lack merit where the plaintiff is a statutory
employee, *see e.g. Cava v. Tranquility Salon & Day Spa, Inc.*, 2014 WL 655372 at *4 (E.D.N.Y.
2014)(noting that an employee cannot contract away her rights under the FLSA), as it concerns
independent contractors, the FLSA is not applicable, and thus an estoppel defense would be properly
asserted.

---

[1]   This Court has previously found drivers affiliated with ground transportation companies to have been
independent contractors and not employees. *See e.g. Arena v. Delux Transportation Services, Inc.*, 2014 WL
794300 (E.D.N.Y. 2014)(taxi driver held not to be employee under FLSA and NYS Labor Law); *Leach v. Kaykov*,
2013 WL 214383 (E.D.N.Y. 2013)(cross-claim for contribution against franchised ground transportation company
dismissed; driver held to be independent contractor).

# PIKE & PIKE, P.C.

*Hon. Pamela K. Chen, U.S.D.J. (8862.001)*
August 8, 2014
page 3

Lastly, to the extent it is proper to raise the merits of the case in the context of this letter, Defendants wish to bring to the Court's attention that Plaintiff was affiliated with Defendants as an independent contractor limousine driver for a period of fourteen (14) weeks. While it is Defendants' position that Plaintiff was not an employee, assuming *arguendo* Plaintiff was an employee, her claims are limited. Specifically, while Plaintiff worked in excess of forty (40) hours per week early in the relationship, she did not do so towards the end of her brief tenure.

In sum, we believe any claims Plaintiff possesses are nominal and well below the $150,000.00 threshold for Court-Annexed Arbitration. While Defendants have offered to resolve those claims, their offers have been rebuffed. Accordingly, Defendants will request this case be referred to arbitration at the initial conference with Magistrate Pohorelsky scheduled for September 24, 2014 unless Your Honor earlier directs such arbitration.

I thank the Court for its time and attention in this matter.

Respectfully submitted,

PIKE & PIKE, P.C.

By: _____
    Laurence I. Cohen

LIC:cdd

cc:    Lincoln Limousine Brokerage, Inc.