# PIKE & PIKE, P.C.
## ATTORNEYS AT LAW

Roberta C. Pike
Kenneth R. Tuch
Laurence I. Cohen

1921 Bellmore Avenue
Bellmore, NY 11710
(516) 783-0062
Fax (516) 783-0082

*This office does not accept service of any legal papers by facsimile*

## VIA ECF

December 11, 2014

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Douglayr Leier v. Lincoln Limousine Brokerage, Inc., *et al.*
            Case No.: 14-CV-03121 (PKC)(VVP); Our File No.: 8862.001

Dear Judge Chen:

This office is counsel to defendants Lincoln Limousine Brokerage Inc., Lincoln Limousine Luxury Inc., and Mohamed M. Almogazi ("Mr. Almogazi")(collectively "Defendants") in the above-referenced wage and hour action. By this letter motion, and for the reasons set forth below, I, my associate Laurence Cohen ("Mr. Cohen"), and the Law Firm of Pike & Pike, P.C. (collectively the "Firm") respectfully request leave to withdraw as counsel for Defendants pursuant to Local Civil Rule 1.4. The Firm further asks that the Court award it its outstanding legal fees for professional services rendered prior to the filing of this motion.

### Procedural Overview

The within action was commenced on May 19, 2014 by service of a Summons and Complaint upon Defendants. The Complaint asserts various claims pursuant to the Fair Labor Standards Act and New York Labor Law. On June 16, 2014 Defendants executed a retainer agreement with the Firm, a copy of which is annexed hereto as Exhibit "A," and on June 24, 2014 the Firm appeared in the action. Thereafter, an Answer With Affirmative Defenses was filed on Defendants' behalf on July 21, 2014 [DE 13]. The Firm subsequently undertook to zealously represent Defendants in an effective and cost-efficient manner. Among other things, Mr. Cohen attended a conference before the Hon. Victor V. Pohorelsky on September 24, 2014, at which time a scheduling order was entered [DE 19].[1] Mr. Cohen also attended a pre-motion conference on October 3, 2014, scheduled in response to a request by Plaintiff for leave to file a motion to strike certain of Defendants' affirmative defenses; an application that was ultimately denied. The Firm also *inter alia* served

---

[1] The scheduling order directs the parties to appear for a conference on December 19, 2014 at 10:00 a.m. to discuss *inter alia* any discovery issues. Plaintiff filed a motion to compel further disclosure on December 8, 2014 [DE 20], and by order dated December 9, 2014 Defendants have been directed to respond to same on or before December 15, 2014.

# PIKE & PIKE, P.C.

*Hon. Pamela K. Chen, U.S.D.J. (8862.001)*
December 11, 2014
page 2

discovery responses upon Plaintiff, responded and objected to discovery demands served upon Defendants, served two Rule 68 offers, and conferred and corresponded extensively with opposing counsel concerning discovery issues and other matters.

### Defendants' Failure to Cooperate

Unfortunately, during the aforementioned six month period we have also expended an inordinate amount of time and energy seeking to secure Defendants' cooperation in the defense of this action.[2] Routine requests for information are typically ignored, telephone calls are not returned,[3] and e-mail messages are not responded to. In the interest of not revealing the content of client communications in public Court papers, I am unable to provide details of the Firm's interactions with Defendants and their representatives, however I can safely say that irreconcilable differences have arisen, and they are severely impacting the Firm's ability to effectively represent Defendants. It appears Defendants fail to understand or appreciate the complexity of the legal process and their obligations as litigants, and at this juncture I believe it would be best for all concerned for them to retain substitute counsel who might fare better in explaining these obligations to them.

### Defendants' Failure to Pay Fees

Compounding the aforementioned problems, Defendants have been chronically lax in meeting their financial obligations to the Firm. To date, the total amount owned to the Firm on this file is $9,474.96; a significant portion of which has been generated simply trying to secure Defendants' cooperation.[4] Defendants' continued failure to pay the Firm's invoices when due is creating a hardship for the Firm.

### Argument

An order permitting the withdrawal of counsel of counsel of record may be granted under Local Civil Rule 1.4 "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal ..." The Firm respectfully submits that Defendants' ongoing refusal to cooperate, coupled with Defendants' failure to pay for the Firm's services in a timely manner, constitute satisfactory reasons for the Firm's request to withdraw. This case is still in discovery, Defendants will have ample time

---

[2] As an example, despite repeated requests, to date we have been unable to secure Mr. Almogazi's agreement to appear for a deposition noticed on November 14, 2014 and originally scheduled for November 24, 2014.

[3] The most recent such call was placed to Mr. Almogazi's cellular telephone on Monday, December 8, 2014. A message was left, and it has not been returned.

[4] The Firm is owed $9,202.00 in legal fees, and $272.96 in disbursements. Redacted copies of the Firm's outstanding invoices are annexed hereto as Exhibit "B."

# PIKE & PIKE, P.C.

*Hon. Pamela K. Chen, U.S.D.J. (8862.001)*
December 11, 2014
page 3

to retain new counsel if the within motion is granted, and no party will be prejudiced by virtue of the withdrawal.

As for the Firm's request for an award of its fees, it is well-settled that a District Court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes between parties to an action and their attorneys when the dispute relates to the main action. *See Levitt v. Brooks*, 669 F.3d 100, 103-104 (2d Cir.2012). Factors to be considered in exercising discretion, include the following: "(1) familiarity with the subject matter of the suit, especially with the amount and quality of work performed by the attorneys; (2) a court's responsibility to protect officers of the court in such matters as fee disputes; (3) the convenience of the parties; and (4) judicial economy." *Id.* (*citing Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc.*, 863 F.2d 251, 256 (2d Cir.1988)).

The Firm respectfully submits that the first factor outlined above is satisfied by a review of the Court's docket and the contents of the corresponding file, together with a review of the redacted invoices. Aside from the two conferences the Firm competently handled on Defendants' behalf, within the Court's file are pleadings and pre-motion papers that are indicative of the quality of work the Firm has performed. The redacted invoices lend further support to the quantity of work that has been performed. With respect to the second factor, that factor is likewise established. The Firm has expended considerable time and energy seeking to represent Defendants' interests, and has been rewarded for its efforts with nominal partial payments. It should be noted that Defendants have never disputed or objected to any particular charges contained within the Firm's invoices, but rather have taken a "we can't afford this" approach in refusing to make full and timely payments. Same is not an excuse for non-payment, and coupled with the considerable work it has performed for Defendants, the Firm is entitled to the Court's protection. As for the third factor, I submit that it would be more convenient for both the Firm and Defendants if this fee dispute were addressed here and now, rather than requiring the Firm to commence a separate collection action against Defendants. Lastly, judicial economy mitigates in favor of ancillary jurisdiction. This Court has presided over this action and thus is fully familiar with the case's complexity, the time and effort involved, and the results the Firm has obtained. It would be wasteful to require another court to familiarize itself with such facts in order to address a "fee dispute" where the fees haven't even been disputed, but rather simply not paid.

On behalf of the Firm, I thank the Court for its time and attention in this matter.

Respectfully submitted,

PIKE & PIKE, P.C.

By: Roberta C. Pike

**PIKE & PIKE, P.C.**

*Hon. Pamela K. Chen, U.S.D.J. (8862.001)*
December 11, 2014
page 4

RCP:lic

cc:   Via ECF:      Todd Dickerson, Esq.

     Via e-mail:   Lincoln Limousine Brokerage, Inc.
                       Lincoln Limousine Luxury Inc.
                       Mohamed M. Almogazi