# Arthur H. Forman
*Attorney at Law*

98-20 Metropolitan Avenue
Forest Hills, New York 11375

Tel: 718-268-2616  Fax: 718-575-1600
e-Mail: af@ahforman.com

September 15, 2016

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                        Re:     Leier v. Lincoln Limousine, et al.
                                   Docket No. 14-CV-3121 (PKC)(PK)

Dear Judge Chen:

      This office represents defendants in the above referenced wage and hour action. In accordance with section three of your Honor's Individual Practices and Rules, I write to request a pre-motion conference to permit defendants to make a motion pursuant to Fed. R. Civ. P. 56 for summary judgment dismissing the action. Discovery closed on August 31, 2016 (Minute entry 8/2/16) except that the parties were granted until September 15, 2016 solely to take depositions concerning the one apt-in plaintiff, Nekaj Leskovic. (Docket Order 9/2/16). The depositions were held on September 12, 2016. The deadline for filing the pre-motion letter is September 16, 2016. (Minute entry 6/22/16).

      Plaintiff worked for defendants as a limousine driver for four months from August to November 2013. In her deposition, she testified that she drove an eight passenger limousine from Astoria, Queens to airports including Newark, New Jersey. Defendants intend to show that plaintiff is exempt from the minimum wage and overtime provisions of the FLSA and New York laws pursuant to the Motor Carrier Act, 49 U.S.C. §31502.

      Defendants also intend to move to have defendant Mohamed Almogazi dismissed from the action. Both the named plaintiff, Douglayr Leier, and the sole opt-in plaintiff, Nekaj Leskovic, testified that they did not know who he was. The FLSA provides for liability for individuals with authority over such matters as payroll, and hiring, firing and scheduling the hours of employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 116 (2d Cir. 2013). The New York Labor Law similarly imposes liability on individuals who exercise some degree of control over employees. *Id.* at 117. Defendant Almogazi was never present at the business and did not hire, fire or determine the pay of employees.

      Finally, defendants will argue that the action should be decertified and the opt-in plaintiff dismissed from the action on the ground that he was not employed under similar payroll practices as the named defendant in that he did not drive a vehicle covered by the Motor Carrier Act exemption. Defendants will also show that the opt-in plaintiff was an independent contractor not entitled to minimum wages or overtime.

                                                          Very truly yours,

                                                            /S/
                                                       Arthur H. Forman

AHF/ms