UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DOUGLAYR LEIER, on behalf of herself and
all others similarly situated,

                Plaintiffs,                **MEMORANDUM & ORDER**
                                                           14-CV-3121 (PKC) (VVP)

       - against -

LINCOLN LIMOUSINE BROKERAGE INC.,
d/b/a LINCOLN LIMOUSINE, INC.,
LINCOLN LIMOUSINE LUXURY INC.,
LYNBROOK CAR AND LIMO INC., and
MOHAMED M. ALMOGAZI, in his individual
and professional capacities,

                Defendants.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiff Douglayr Leier filed this action pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), on behalf of herself and similarly situated employees and former employees of Defendant Lincoln Limousine Brokerage Inc., d/b/a Lincoln Limousine, Inc., Lincoln Limousine Luxury Inc., Lynbrook Car and Limo Inc. (collectively, "Lincoln Limousine"), and Defendant Mohamed M. Almogazi (together with Lincoln Limousine, "Defendants"). The thrust of Plaintiff's lawsuit is that Defendants are liable to Plaintiff and similarly situated persons for violations of the minimum wage and overtime provisions of the FLSA and NYLL, as well as additional violations of the NYLL and New York common law.

      In the course of preparing to move for summary judgment, Defendants' current counsel[1] learned that, early on in discovery in this case, Defendants made certain written admissions that seemingly defeat one of Defendant Almogazi's grounds for summary judgment. Thus, in advance

---

[1] Defendants' current counsel is their third in this action.

of filing their motion for summary judgment, Defendants have moved, pursuant to Federal Rule of Civil Procedure ("FRCP") 36(b), to withdraw the seemingly adverse admissions that Defendants made during discovery. For the reasons discussed below, the Court denies Defendants' motion.

## BACKGROUND

Plaintiff filed the original complaint in this action on May 19, 2014, alleging that Defendants were liable to her and similarly situated Lincoln Limousine employees for violations of the FLSA and NYLL. (Dkt. 1.) As relevant to the present motion, the complaint alleged that, "Defendant Almogazi oversees the day-to-day operations of both corporations' business and controls all aspects of the business with respect to the drivers' pay, work assignments, and hours." (Dkt. 1 ¶ 33.) Defendants answered the complaint on July 21, 2014 (Dkt. 13), and, in particular, denied the complaint's allegations about Almogazi's oversight of the corporations' business. (Dkt. 13 ¶ 33.)

On October 2, 2014, Plaintiff served a First Set of Requests for Admission to Defendants ("Requests"), which included twenty-one requests for admission pursuant to FRCP 36. (Dkt. 83-1.) The Requests included the following two requests for admission, which are the subject of Defendants' instant motion:

> #10. Admit that Defendant Mohamed M. Almogazi is a covered employer within the meaning of the FLSA.
>
> #11. Admit that Defendant Mohamed M. Almogazi is a covered employer within the meaning of the NYLL.

Defendants served a response to the Requests on October 23, 2014, through their initial counsel in this action, the law firm of Pike & Pike P.C. ("Pike & Pike"). (Dkt. 83-2.) In response to Request #10, Defendants admitted that "Defendant Mohamed M. Almogazi is a covered

employer within the meaning of the FLSA." (Dkt. 83-2 at ECF 4.)[2]  In response to Request #11, Defendants admitted that "Defendant Mohamed M. Almogazi is a covered employer within the meaning of the NYLL." (*Id.*)

After Defendants made these admissions, discovery continued in the ordinary course. However, the relationship between Defendants and their initial counsel, Pike & Pike, evidently began to deteriorate.  On December 11, 2014, Pike & Pike moved to withdraw from its representation of Defendants due to Defendants' "failure to cooperate" in defending the action and failure to pay Pike & Pike's attorney fees. (Dkt. 21.)  After the Court initially denied its motion, Pike & Pike filed a renewed motion to withdraw on February 4, 2015 (Dkt. 30), which the Court granted on February 13, 2015, along with a thirty-day stay of discovery for Defendants to obtain substitute counsel (Dkt. 35).

Defendants obtained new counsel on or around March 11, 2015. (Dkt. 36.)  Discovery resumed and, on April 9, 2015, Defendant Almogazi sat for a deposition in which he was represented by his new counsel, Ricotta & Marks, P.C. ("Ricotta & Marks"). (Dkt. 78.)  In that full-day deposition, Plaintiff's counsel asked Almogazi numerous questions about his role and responsibilities at Lincoln Limousine. (Dkt. 78-1.)  Among other things, Almogazi testified that, although he was the owner of Lincoln Limousine, he stopped working in the office "[a]bout ten years ago," and, at the time of his deposition, only visited the office "around once a year," while most of the day-to-day management of Lincoln Limousine was being handled by its Chief Executive Officer, Ahmed Korban. (Dkt. 78-1 at 23-31, 125-41.)[3]

---

[2] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

[3] Neither party indicates whether Plaintiff's counsel questioned Almogazi in his deposition about the admissions to Requests #10 and #11.

3

On July 9, 2015, Plaintiff moved under FRCP 15(a) to amend her complaint, and also moved under 28 U.S.C. § 216(b) to conditionally certify the action as a collective action under the FLSA. (Dkts. 42, 45.) The next day, July 10, 2015, Defendants' counsel, Ricotta & Marks, moved to withdraw from their representation of Defendants due to a "complete breakdown of the attorney-client relationship," including "Defendants' failure to cooperate [in the litigation], and Defendants' failure to pay their legal fees." (Dkt. 46.) The Court granted Ricotta & Marks' motion to withdraw on July 31, 2015. (Dkt. 51.)

Defendants obtained new, and their current, counsel on or around August 12, 2015. (Dkt. 53.) Defendants' new counsel, Arthur H. Forman, responded on Defendants' behalf to Plaintiff's then-pending motion for conditional certification, and consented to Plaintiff's motion to file an amended complaint. (Dkts. 54, 57.)

Plaintiff's amended complaint (Dkt. 55) mostly tracked the allegations of her original complaint verbatim, except with the addition of a new Defendant, Lynbrook Car and Limo Inc. ("Lynbrook"), and new allegations related to Lynbrook's role in controlling and operating the Lincoln Limousine business. (*Compare* Dkt. 1 *with* Dkt. 55.) The amended complaint also contained a new allegation related to Almogazi's role in controlling and overseeing Lynbrook (Dkt. 55 ¶ 38), but preserved the original complaint's allegation about Almogazi's role in managing and overseeing the overall Lincoln Limousine business (*compare* Dkt. 1 ¶ 33, *with* Dkt. 55 ¶ 39), which Defendants had denied in their answer to the original complaint (Dkt. 13 ¶ 33). In their answer to Plaintiff's amended complaint, Defendants denied virtually all of Plaintiff's new allegations about Lynbrook, and reiterated their denial of Plaintiff's allegation about Almogazi's role in managing and overseeing the business. (Dkt. 60 ¶¶ 32-39.)

Discovery in this action closed on September 15, 2016. On the same day, Defendants filed a letter requesting a pre-motion conference concerning their anticipated motion for summary judgment, arguing, *inter alia*, that Defendant Almogazi should be dismissed from this action because he "was never present at the business and did not hire, fire or determine the pay of employees." (Dkt. 74.) In response, Plaintiff argued that Defendant Almogazi cannot obtain dismissal on that ground, because, in response to Plaintiff's Requests, Defendants "expressly conceded that Defendant Almogazi was a covered employer under both the FLSA and NYLL, and as such, Defendants are bound by this judicial admission throughout this litigation." (Dkt. 75 at 3.)

Defendants' current counsel was evidently surprised to learn that Defendants had admitted that Almogazi was a covered employer within the meaning of the FLSA and NYLL. (Dkt. 78.) According to Defendants' counsel, because he was the third attorney to represent Defendants in this action, he "did not realize that the original attorneys had served the admission that Almogazi was a covered employer as defined by the FLSA and NYLL until Plaintiffs raised that fact in their opposition to [Defendants'] pre-motion request to move for summary judgment." (Dkt. 78 at 1.) Hoping to avoid the effect of those admissions for purposes of summary judgment and/or trial, Defendants filed the instant motion to withdraw them under FRCP 36(b).

## DISCUSSION

### I. LEGAL STANDARD

FRCP 36(a)(1) provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." A matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FRCP 36(b). The decision whether to allow a party to withdraw or amend admissions

5

under Rule 36(b) is in the district court's discretion.  *Donovan v. Carls Drug Co.*, 703 F.2d 650, 651-52 (2d Cir. 1983).  Under Rule 36(b), "the court may permit withdrawal or amendment [of admissions] if [1] it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the [party that served the requests for admission] in maintaining or defending the action on the merits."  FRCP 36(b).  The Second Circuit has clarified that, "the [district] court has the power to [excuse a party from its admissions] only when (1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admission will result."  *Donovan*, 703 F.2d at 652.  Furthermore, "[b]ecause the language of the Rule is permissive, the court is not required to [excuse a party from its admission] even if both the merits and prejudice issues cut in favor of the party seeking [to withdraw the admission]."  *Id.*

## II.     DISCUSSION

With respect to the first prong of the two-part test under Rule 36(b), the Court cannot find that "the presentation of the merits" as to Almogazi's personal liability in this action necessarily "will be aided" by Defendants' withdrawal of their admissions to Plaintiff's Requests #10 and #11. While it is clear that if Defendants are permitted to withdraw their admissions, Plaintiff would have to put forth evidence proving that Almogazi was her "employer" within the meaning of the FLSA and NYLL, it is not at all clear that the evidence adduced in this case thus far, now that discovery is closed, is sufficient for this purpose.  *See Donovan*, 703 F.2d at 652 ("Our confidence in the district court's decision to rely on the admissions is reinforced by examination of [defendant's] work records because these suggest that [defendant] would not have improved its 'presentation of the merits of the action' had it been released from its admissions.").  Here, in seeking to withdraw their admissions, Defendants rely on Almogazi's deposition testimony in which he acknowledged being the owner of the company, but claimed that he stopped working in the office about ten years ago, visits the office about once a year, and has left the day-to-day

6

management of the company to its Chief Executive Officer.  This testimony, however, does not clearly indicate that, contrary to Defendants' unequivocal Rule 36 admissions, Almogazi is not Plaintiff's employer under the FLSA or NYLL.  *See Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013) (determining whether Defendant is an employer under FLSA and NYLL entails fact-specific inquiry into the "economic reality" of the relationship between plaintiffs and defendant).  In short, because discovery on the issue of Almogazi's status as an employer was likely curtailed by Defendants' admissions to Plaintiff's Requests #10 and #11, the record is insufficient for the Court to conclude that the "presentation of the merits" as to Almogazi's liability under the FLSA and NYLL would be "aided" if Defendants are permitted to withdraw their admissions at this stage.

In any event, the second prong of the test under Rule 36(b)—prejudice to the party who obtained the admissions—tips decidedly in favor of Plaintiff.  From the outset of this litigation, which began more than three years ago, Plaintiff sought to pursue her claims against the individual managers of Lincoln Limousine who could be held personally liable as "employers" under the FLSA and NYLL.  (Dkt. 1 ¶¶ 12, 33.)  In an effort to establish that liability and streamline the litigation of this action, Plaintiff served an early round of requests for admission, which included two requests that unambiguously sought to establish Almogazi's legal status as an "employer" with the meaning of the FLSA and NYLL.  (Dkt. 83-1, Requests No. 10 & 11); *see Williams v. Boulevard Lines, Inc.*, 10 Civ. 2924, 2013 WL 1180389, at *7 (S.D.N.Y. Mar. 12, 2013) (noting that purpose of admission requests "is not necessarily to obtain information but to narrow issues for trial'" (quoting *Pasternak v. Dow Kim,* No. 10 Civ. 5045, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011))).  Once Plaintiff received the direct admissions that "Defendant Mohamed M. Almogazi is a covered employer" under both the FLSA and NYLL on October 24, 2014, Plaintiff

7

was entitled to believe, consistent with the plain language of FRCP 36, that Almogazi's status as a covered employer had been "conclusively established" for purposes of this litigation.

The prejudice of allowing Defendants to withdraw these admissions at this stage—after the close of discovery and on the eve of dispositive motions practice—is obvious. As Plaintiff rightly argues, "Plaintiffs . . . spent over two years taking discovery [in this action] in reliance on the fact that they would not have to prove Almogazi's individual liability as an employer." (Dkt. 83 at 3.) Given the fact-intensive nature of the "economic reality" test that would otherwise apply to determine Almogazi's individual liability, *see Irizarry*, 722 F.3d at 104-05, there is little doubt that Plaintiff would have conducted additional or different discovery had she believed that she was required to prove Almogazi's status as a covered employer. Moreover, even if Plaintiff had determined through such discovery that Almogazi was not the proper manager to name individually in the complaint, she presumably would have conducted additional discovery to identify the right person to name as a defendant-employer, as Plaintiff clearly has been diligent throughout this litigation in naming the proper business entities as defendants as they were identified. (*See* Dkt. 55 (Amended Complaint) (adding Lynbrook as a defendant, along with allegations related to Lynbrook's role in controlling and operating the Lincoln Limousine business); *see also* Dkt. 83 at 3 (asserting that, if Defendants' admissions are withdrawn, Plaintiff may need to "amend the Complaint to add additional individual defendants and take discovery from each").) In other words, allowing Defendants to withdraw their admissions, three years after the start of this litigation and at the eleventh hour, would unfairly expand the range of triable issues, long after Plaintiff has crafted her discovery efforts and litigation strategy based on those admissions. *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 63 (S.D.N.Y. 2014) ("[P]rejudice to the requesting party's ability to present its case or its defenses 'relates to special

difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" (quoting *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997))); *compare Ng v. HSBC Mortg. Corp.*, No. 07 Civ. 5434, 2011 WL 3511296, at *4 (E.D.N.Y. Aug. 10, 2011) (denying motion to withdraw admissions, made two years after requests for admission deemed admitted, where discovery had closed and opposing party was deprived of ability to conduct additional discovery), *with Williams*, 2013 WL 1180389, at *8 (permitting withdrawal of admissions where, despite six-month delay in issue being raised, discovery was ongoing at the time party sought to amend admissions and therefore opposing party "was not less able to obtain the evidence required to prove the matters which had been admitted than he would have been at the time the admission was made" (quoting *Manufacture Des Montres Jaguar, S.A. v. Jaguar Cars Ltd.,* No. 99 Civ. 12002, 2001 WL 1442611, at *3 (S.D.N.Y. Nov. 15, 2001))).

Defendants contend that Plaintiff would suffer no prejudice from the withdrawal of the admissions because Plaintiff was "put on notice that Defendants disputed Almogazi's liability" by Defendants' answer to the amended complaint and by Almogazi's testimony in his deposition. (Dkt. 78 at 2-3.) The Court disagrees. First, as to Defendants' answers to the complaints, their answer to the amended complaint was not materially different from their answer to Plaintiff's original complaint—in both answers, Defendants denied that Plaintiff's pleading had accurately described Almogazi's role in managing the Lincoln Limousine business. (*Compare* Dkt. 1 ¶ 33, *and* Dkt. 13 ¶ 33, *with* Dkt. 55 ¶ 39, *and* Dkt. 60 ¶ 39.) Defendants' reiteration of the same denial in both of its answers, one of which was made *before* its admissions, and the other of which was made *after* its admissions, would not have clearly put Plaintiff on notice that Defendants had changed their position with respect to Almogazi's individual liability. Rather, given the

9

intervening admissions to the contrary, Plaintiff reasonably could have believed that Defendants' answers merely reflected *pro forma* denials of liability.

As for Almogazi's deposition testimony, although many of Almogazi's statements in his deposition suggested that his management and oversight of the Lincoln Limousine business was not sufficient to establish personal liability under the FLSA and NYLL (Dkt. 78-1 at 23-31, 125-41), even these statements do not necessarily contradict Defendants' admissions that Almogazi "is a covered employer" within the meaning of the FLSA and NYLL. Unlike Almogazi's factual statements in his deposition, Defendants' admissions to Plaintiff's Requests #10 and #11 clearly were *legal* admissions, as contemplated by Rule 36(a). *See* FRCP 36(a)(1) (authorizing requests for admission relating to "facts, the application of law to fact, or opinions about either"). Thus, even assuming that Plaintiff's counsel perceived some tension between Almogazi's deposition testimony and Defendants' admissions, Plaintiff's counsel reasonably could have concluded, based on Defendants' admissions, that, for reasons related to Defendants' litigation strategy, they had chosen not to contest Almogazi's individual liability in this action. *See* FRCP 36(b) (emphasizing that "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding").[4]

---

[4] Defendants also appear to argue that their motion should be viewed with greater leniency because the admissions in question were made by Defendants' original counsel, who later withdrew from the action, whereas Defendants' current counsel "did not realize that the original attorneys had served the admission . . . until Plaintiffs raised that fact in their opposition to [Defendants'] pre-motion request to move for summary judgment." (Dkt. 78 at 1.) No such leniency is warranted. The law is clear that "all litigants are bound by the concessions of freely retained counsel," *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014), and Defendants' inability or refusal to cooperate or compensate their attorneys in this litigation—in fact, with respect to *two* prior counsel—does not entitle them to selectively revise the statements that they made through those attorneys in the course of this litigation, especially when allowing them to do so would substantially prejudice Plaintiff.

Finally, a re-opening of discovery in this action is not an acceptable means of negating the prejudice that would befall Plaintiff if Defendants are permitted to withdraw their admissions. As numerous courts have recognized, significant delay in litigation or the need to expend additional resources are themselves the kind of "prejudice" that weigh against amendment [or withdrawal] of admissions. *See Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 161 (S.D.N.Y. 2005); *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys. Inc.*, 112 F.R.D. 417, 419 (S.D.N.Y. 1986). As the Second Circuit has recognized in the context of amendments to pleadings, "one of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (quotation omitted). Here, Plaintiff has made clear that, if Defendants are permitted to withdraw their admissions, Plaintiff would need to conduct additional discovery to rebut Almogazi's claim of non-liability and/or to identify and build a case for individual liability against another Lincoln Limousine manager. (Dkt. 83 at 3.) That additional discovery and delay would itself be unduly prejudicial, at this late stage in the litigation.

## CONCLUSION

For the foregoing reasons, Defendants' motion to withdraw their admissions to Plaintiff's Requests for Admission No. 10 and 11 is denied. Should the parties choose to proceed with summary judgment motions, the following schedule shall apply: motions shall be served by July 20, 2017; oppositions shall be served by August 21, 2017; reply briefs shall be served by

September 8, 2017. If no party moves for summary judgment, the parties shall submit a proposed pre-trial order no later than August 9, 2017.

                                                         SO ORDERED.

                                        */s/ Pamela K. Chen*
                                        Pamela K. Chen
                                        United States District Judge

Dated: June 16, 2017
       Brooklyn, New York