UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DOUGLAYR LEIER, on behalf of herself and
all others similarly situated,

                Plaintiffs,                  **MEMORANDUM & ORDER**
                                                       14-CV-3121 (PKC) (VVP)

            - against -

LINCOLN LIMOUSINE BROKERAGE INC.,
d/b/a LINCOLN LIMOUSINE, INC.,
LINCOLN LIMOUSINE LUXURY INC.,
LYNBROOK CAR AND LIMO INC., and
MOHAMED M. ALMOGAZI, in his individual
and professional capacities,

                Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Douglayr Leier filed this action pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), on behalf of herself and similarly situated employees and former employees of Defendants Lincoln Limousine Brokerage Inc., d/b/a Lincoln Limousine, Inc., Lincoln Limousine Luxury Inc., Lynbrook Car and Limo Inc. (collectively, "Lincoln Limousine"), and Defendant Mohamed M. Almogazi (together with Lincoln Limousine, "Defendants").  Plaintiff alleges that Defendants are liable to Plaintiff and similarly situated persons for violations of the minimum wage and overtime provisions of the FLSA and NYLL, as well as additional violations of the NYLL and New York common law.  Before the Court is Defendants' motion for partial summary judgment, which seeks dismissal of Plaintiff Leier's claim for unpaid overtime under the FLSA and the NYLL.  For the reasons stated below, Defendants' motion is denied.

**BACKGROUND**

Defendants operate a limousine transportation business in the New York and New Jersey area using a mixed fleet of town cars, sport utility vehicles, limousines, passenger vans, and buses that accommodate between four and fifty-nine passengers, depending on the type of vehicle. (Defs.' 56.1 Stmt., Dkt. 89-4, ¶¶ 1, 4; Pl.'s 56.1 Stmt., Dkt. 92, ¶¶ 8, 11, 15; Dkt. 91-6.) Plaintiff Leier worked for Defendants as a limousine driver from the beginning of August 2013 until the end of November 2013. (Defs.' 56.1 Stmt., ¶ 2.) During that time, Plaintiff drove a variety of Defendants' vehicles, ranging from four-passenger town cars to eight- or ten-passenger limousines, and regularly transported clients to and from destinations throughout New York and New Jersey. (Defs.' 56.1 Stmt., ¶¶ 3-6; Pl.'s 56.1 Stmt., ¶¶ 3-6, 17.)[1] The weight of each of the vehicles that Plaintiff drove was under 10,000 pounds. (Dkt. 91-6.)

Plaintiff filed this action on May 19, 2014, alleging that Defendants were liable to her and similarly situated Lincoln Limousine drivers for violations of various provisions of the FLSA and NYLL. (Dkt. 1.) On December 4, 2015, the Court granted Plaintiff's motion to conditionally certify this action as a collective action for unpaid overtime under 29 U.S.C. § 216(b). (Dkt. 65.) One person filed a written consent to opt into this action pursuant to Section 216(b). (Dkt. 72.)[2] In the instant motion, Defendants seek summary judgment dismissing Plaintiff's claim for unpaid overtime under the FLSA and the NYLL, arguing that Plaintiff was at all relevant times exempt from the overtime requirements of the FLSA and the NYLL pursuant to the so-called "motor carrier exemption" set forth in 29 U.S.C. § 213(b)(1).

---

[1] There is no suggestion that Plaintiff drove any vehicles for Defendants that accommodated more than ten passengers.

[2] Defendants do not move for summary judgment as to the opt-in plaintiff.

**LEGAL STANDARD**

Summary judgment is appropriate where the submissions of the parties, taken together, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The initial burden of "establishing the absence of any genuine issue of material fact" rests with the moving party. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, however, the burden shifts to the nonmoving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166-67 (2d Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A mere "scintilla of evidence" in support of the nonmoving party is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation omitted; alteration in original). In other words, "[t]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quotation omitted).

In determining whether a genuine issue of fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The Court also construes any disputed facts in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). However, "the mere existence of some alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48.

## DISCUSSION

The FLSA requires all covered employers to pay overtime wages to employees who work more than forty hours in a single workweek, unless the employee is subject to one or more exemptions set forth in the FLSA and related regulations. *Bilyou v. Dutchess Beer Distrib., Inc.*, 300 F.3d 217, 221-222 (2d Cir. 2002). The burden to prove an exemption is on the employer, and the exemptions are "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Id.* at 222 (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

Here, Defendants assert that Plaintiff was exempt from the overtime requirements of the FLSA by virtue of the motor carrier exemption. Under the motor carrier exemption, 29 U.S.C. § 213(b)(1), the overtime requirements of the FLSA do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [the Motor Carrier Act,] section 31502 of Title 49." Section 31502 of Title 49 states that the Secretary of Transportation "may prescribe requirements for . . . qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier." 49 U.S.C. § 31502(b)(1).

Plaintiff concedes that she was subject to the Secretary of Transportation's jurisdiction to prescribe requirements for qualifications and maximum hours of service. (Pl.'s Br. at 8.) Nonetheless, Plaintiff argues that she does not fall within the motor carrier exemption because she is a "covered employee" under a 2008 amendment to the Motor Carrier Act, the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"), PL 110–244, June 6, 2008, 122 Stat. 1572. In

4

relevant part, Section 306 of the TCA provides that "Section 7 of the Fair Labor Standards Act . . . . [*i.e.*, the overtime requirements of the FLSA] . . . shall apply to a covered employee notwithstanding [29 U.S.C. § 213(b)(1)]." TCA § 306(c). The TCA defines a "covered employee" as follows:

> "[C]overed employee" means an individual—
> (1) who is employed by a motor carrier or motor private carrier . . . ;
> (2) whose work, in whole or in part, is defined—
>  (A) as that of a driver, driver's helper, loader, or mechanic; and
>  (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles—
>   (i) designed or used to transport more than 8 passengers (including the driver) for compensation;
>   (ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or
>   (iii) used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and
> (3) who performs duties on motor vehicles weighing 10,000 pounds or less.

TCA § 306(c).

Although the Second Circuit has not interpreted Section 306 of the TCA, the Court finds the statutory text plain and unambiguous: an employer cannot apply the motor carrier exemption to employees who are "covered employees" under the TCA. *Accord McMaster v. Eastern Armored Servs., Inc.*, 780 F.3d 167, 169-70 (3d Cir. 2015); *Schilling v. Schmidt Baking Co.*, 876 F.3d 596, 599-603 (4th Cir. 2017); *Kim v. SUK Inc.*, No. 12 Civ. 1557, 2014 WL 842646, at *2-4 (S.D.N.Y. Mar. 4, 2014).

As applied in this case, the TCA clearly defeats Defendants' motion for summary judgment. Defendants have failed to establish the motor carrier exemption as a matter of law because they have failed to show that Plaintiff was not a covered employee under the TCA. Indeed, to the contrary, the record indicates that Plaintiff was in fact a covered employee under the TCA, because (i) she was employed by a motor carrier, (ii) her work, at least in part, was defined as that of a driver, and (iii) her work, at least in part, was defined as affecting the safety or operation of motor vehicles used to transport fewer than eight passengers (including the driver) and weighing 10,000 pounds or less in transportation on public highways in and between New York and New Jersey. (Defs.' 56.1 Stmt., ¶¶ 1-3, 5-6; Pl.'s 56.1 Stmt., ¶¶ 1-3, 5-6, 8, 18.) That Plaintiff sometimes drove vehicles that could accommodate eight or more passengers, *see* TCA § 306(c)(1)(B)(i), does not bring Plaintiff outside the definition of a "covered employee," because the TCA only requires that her work include "in whole or *in part*" the operation of smaller vehicles for her to qualify as a "covered employee." *See McMaster*, 780 F.3d at 169-70 (affirming summary judgment finding that plaintiff was a covered employee under the TCA, notwithstanding that plaintiff drove vehicles weighing more than 10,000 pounds more than half the time); *Schilling*, 876 F.3d at 601 ("The text of the TCA plainly provides that employees working on mixed fleet vehicles are covered by the TCA exception.").[3] Accordingly, the Court denies Defendants' motion for summary judgment on Plaintiff's claim for overtime under the FLSA.

---

[3] In seeking summary judgment based on the motor carrier exemption, Defendants rely on two decisions issued in this district: *Fox v. Commonwealth Worldwide Chauffeured Transportation of N.Y., LLC*, 865 F. Supp. 2d 257 (E.D.N.Y. 2012), and *Serebryakov v. Lokeko Inc.*, No. 12 Civ. 3990, 2016 WL 5061111 (E.D.N.Y. Sept. 16, 2016). Neither of those cases is persuasive. In *Fox*, the plaintiff sought to recover overtime for a period of employment that ended prior to the passage of the TCA. 865 F. Supp. 3d at 264 n.9. Thus, the *Fox* decision says nothing about the applicability of the TCA in this case. In *Serebryakov*, the court did not expressly consider whether the plaintiffs were covered employees under the TCA, presumably because the plaintiffs in that case drove vans that "accommodated at least eight passengers," 2016 WL 5061111, at *1, which exceeds the threshold under Section 306(c)(1)(B)(i) of the TCA. Put simply, neither *Fox*

Defendants also moved for summary judgment on Plaintiff's claim for overtime under the NYLL. Defendants argue that "New York labor law recognizes and incorporates the exemptions of the FLSA." (Defs.' Br. at 8.) Thus, the argument goes, "[b]ecause Leier was exempt from the overtime provisions of the FLSA, she was also exempt from the overtime provisions of the New York labor laws." (*Id.*) However, as explained above, the Court rejects Defendants' argument that Plaintiff was exempt from the overtime provisions of the FLSA. *Supra.* Accordingly, the Court also rejects Defendants' derivative argument that Plaintiff was exempt from the overtime provisions of the NYLL.

## CONCLUSION

For the reasons stated above, Defendants' motion for partial summary judgment is denied.

SO ORDERED.

s/ *Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
        January 3, 2018

---

nor *Serebryakov* addressed the circumstances here, *i.e.*, a post-TCA claim where the plaintiff drove vehicles, some of which meet the requirements of Section 306(c)(1)(B)(i) of the TCA.